# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**QUINTON EARL SETTLES,** **PLAINTIFF**
**ADC #160480**

V.                    CASE NO. 5:18-CV-106-SWW-BD

**LANA L. KINNEDY** **DEFENDANT**

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge Susan Webber Wright. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

### II.   Discussion

A.  Background

Quinton Earl Settles, an Arkansas Department of Correction inmate, filed this lawsuit without the help of a lawyer complaining that he was not afforded due process in a disciplinary conviction that he received in December of 2017. (Docket entry #1) Mr. Settles alleges that, but for that disciplinary conviction, he would have been released on

parole in January of 2018. Mr. Settles' allegations, even if true, do not state a federal claim for relief.

B. Screening

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints that seek relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or any part of the complaint, raising claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek monetary relief from a defendant who is immune from paying damages. 28 U.S.C. § 1915A(b).

C. Due Process

Procedural due process protection is triggered only where a prisoner has a liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Mr. Settles had a liberty interest at stake here only if the disciplinary sanctions the Defendant imposed were serious enough to be deemed "atypical and significant" deprivations.

Mr. Settles was sentenced to punitive isolation for 15 days, and his classification level was reduced as a result of the disciplinary conviction at issue. (#1 at p.9) As a matter of law, these sanctions are not serious enough to constitute a deprivation of a liberty interest. See *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) and *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (inmates have no liberty interest in maintaining a particular classification level and 30 days in punitive segregation is not an atypical and significant hardship); and *Moody v. Daggett,* 429 U.S. 78, 88 n.9

(1976)(prisoners do not have a liberty interest in classification). Furthermore, Mr. Settles had no liberty interest in the possibility of parole. *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011). Without an underlying liberty interest, Mr. Settles had no due process rights to a different procedure.

### III.   Conclusion

The Court recommends that Mr. Settles' claims be DISMISSED, without prejudice. The Court also recommends that the Court certify that this dismissal count as a "strike" for purposes of 28 U.S.C. 1915(g) and that an *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith.

DATED this 1st day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE